IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, | ) ) ) | CV 12-189-M-DLC |
|---|---|---|
| Plaintiff, | ) ) | |
| -vs- | ) ) | ORDER |
| THE ROMAN CATHOLIC BISHOP OF HELENA, MONTANA, a non-profit corporation, aka THE ROMAN CATHOLIC DIOCESE OF HELENA, MONTANA, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

Before the Court is Defendant's motion to transfer or dismiss this case. The Roman Catholic Diocese of Helena, Montana ("the Diocese") urges the Court to abstain from adjudicating this insurance coverage action because a state court action raises the same or similar issues. Catholic Mutual Relief Society of

1

America ("Catholic Mutual") counters that the circumstances do not support abstention.

For the reasons discussed below, the case is dismissed.

## I.

There are two underlying lawsuits, both of which were filed in Montana's First Judicial District, Lewis and Clark County: *Whalen, et al. v. Diocese of Helena, et al.* (Cause No. BDV 2011-925) ("*Whalen*") and *Doe, et al. v. Diocese of Helena, et al.* (Cause No. ADV-2011-935 ("*Doe*"). Each case was filed by multiple plaintiffs and alleges that the Diocese is liable for acts of abuse by its agents toward the plaintiffs during various time periods. Catholic Mutual agreed to defend the Diocese, its insured, subject to a reservation of rights.

There is also a third case pending in state court. The plaintiffs in the *Whalen* action commenced a coverage action in state court on November 14, 2012, seeking a ruling determining the scope and extent of coverage under all the Diocese's insurance policies. ("*Whalen II*.")

A week after *Whalen II* was filed, Catholic Mutual filed this action, seeking a declaratory judgment that it has no duty to defend or indemnify the Diocese in the *Doe* action under its pre-1990 policies; that it has no duty to defend or indemnify the Diocese in either *Doe* or *Whalen* under the post-1990 policies; and

2

that it "may recoup any funds it has paid to the Diocese, which are solely allocable to the defense or settlement of a non-covered claim." (Doc. 1 at 9.)

## II.

Federal courts are not required to exercise jurisdiction over declaratory judgment actions. 28 U.S.C. § 2201(a). A district court may dismiss a declaratory judgment action when "the questions in controversy . . . can better be settled in" a pending state court proceeding, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), or state court proceedings "present . . . opportunity for ventilation of the same state law issues," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995).

Under the *Wilton/Brillhart* doctrine, a district court must consider three factors in determining whether to abstain in a declaratory judgment action: "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citation omitted). The factors are non-exclusive and essentially require the district court to "balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (internal quotation marks and citation omitted). The Ninth Circuit has noted other relevant considerations, including:

3

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225, n. 5 (internal quotation marks and citation omitted). Additionally, the Court may consider "whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed by in federal court." *Polido v. State Farm Mut. Automobile Ins. Co.*, 110 F.3d 1418 (9th Cir. 1997), overruled in part on other grounds by *Dizol*, 133 F.3d at 1227.

While there "is no presumption in favor of abstention in declaratory actions generally," there is a presumption that the "entire suit should be heard in state court" if "there are parallel state proceedings involving the same issues and parties." *Id.* at 1225.

> For a parallel proceeding to exist, the actions must arise from the same factual circumstances, there must be overlapping factual questions raised in the actions, or the same issues must be addressed by both actions.

*Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Simpson Mfg. Co.*, 829 F. Supp. 2d 914, 923 (D. Haw. 2011) (internal quotation marks and citation omitted). "It is

4

enough that the state proceedings arise from the same factual circumstances." *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996), overruled on other grounds in *Dizol*, 133 F.3d at 1224.

**III.**

Retaining jurisdiction in this case would create a significant risk of duplicative litigation and inconsistent rulings, and the *Wilton/Brillhart* factors and other considerations support abstention.

The present action only involves questions of state law, and there is no "compelling federal interest" at stake. *Great Am. Assurance Co. v. Discover Property & Cas. Ins. Co.*, 779 F. Supp. 2d 1158, 1163 (D. Mont. 2011); *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1255 (9th Cir. 1987). This alone may support abstention. *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (citation omitted). Related factors also support abstention. Though federal courts, including this one, routinely interpret insurance contracts pursuant to the standards laid out in state law, at least one issue in this case has not previously been decided in Montana and does not appear to be well-settled in other jurisdictions. That issue, which is central to these cases, is when or how an "occurrence" policy is "triggered" in cases involving sexual abuse. This unsettled question is best resolved by a

5

Montana state court.

There are at least three cases pending in state court in which the same issues have already been or could be raised. None is perfectly parallel, involving the exact same parties and exact same issues raised here. Catholic Mutual is not a party to *Whalen* or *Doe*, and *Whalen II* does not seek declaratory relief concerning the *Doe* plaintiffs. Additionally, Catholic Mutual argues that *Whalen II* fails to state a ripe claim and notes that it has moved to dismiss that case. But "the absence of a [perfectly] parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice." *Golden Eagle*, 103 F.3d at 754.

*Whalen*, *Doe*, and *Whalen II* are premised on the same factual circumstances as this proceeding—the alleged sexual abuse of the *Whalen* and *Doe* plaintiffs by agents of the Diocese. And whether or not their claims are currently cognizable, the *Whalen II* plaintiffs have explicitly asked the state court to decide the same issues raised here as they pertain to the *Whalen* plaintiffs' claims. There is significant overlap, if not identity, between the coverage issues in *Whalen* and *Doe*, and any decision affecting one case will affect the other. Also, the Diocese indicates that it intends to file a cross-claim in *Whalen II* against its insurance companies to resolve "all issues relating to coverage" for both *Whalen* and *Doe.* Catholic Mutual could also file a cross-claim and seek to join the *Doe* coverage

issues.  Finally, even if *Whalen II* were to be dismissed, Catholic Mutual could file a separate declaratory judgment action in the state court.  *Polido*, 110 F.3d at 1422 ("[D]ifferences in factual and legal issues between the state and federal court proceedings are not dispositive because the insurer 'could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action.'").

In short, whether through a separate action or other means, Catholic Mutual could seek the same relief sought here in state court.  Thus determination of these issues—some of which are novel—by this Court is not necessary.  Moreover, were the Court to retain jurisdiction, there would be a significant risk of inconsistent determinations being reached in the state and federal actions concerning coverage under the Catholic Mutual policies.  This possible entanglement would not only waste the parties' and courts' time, it would also be contrary to the interests of comity and federalism.  *Dizol*, 133 F.3d at 1225, n. 5.  Abstention is favored where a court can avoid the needless determination of state law issues and duplicative lawsuits, and it is favored here.

Because these issues weigh so strongly in favor of abstention, the Court need not reach the final factor—whether abstention is necessary to discourage forum-shopping.  Nor need the Court reach the Diocese's argument that the case

should be transferred to a different venue.

Accordingly, IT IS ORDERED that the Diocese's motion to dismiss this case (doc. 9) is GRANTED. While the Court has discretion to hear this action, the case is DISMISSED without prejudice.

Dated this 27th day of February 2013.

_____
Dana L. Christensen, District Judge
United States District Court